**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2823
_____

SHANE PRYCE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A056-059-647)
Immigration Judge: Leo A. Finston

Argued under Third Circuit LAR 34.1(a)
On September 21, 2020

Before:  AMBRO, PORTER and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 18, 2021)

Alice E. Loughran
Anna Stressenger    (**Argued**)
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, DC 20036

                Counsel for Petitioner

Julie M. Iversen     (**Argued**)
Jeffrey R. Meyer

United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

---

O P I N I ON[*]

---

**ROTH**, Circuit Judge:

I.

Shane Pryce petitions for review of the Board of Immigration Appeals' final order, denying his application for cancellation of removal. Because Pryce failed to exhaust any administrative challenge to the Immigration Judge's finding that he was statutorily ineligible for such relief, we will dismiss Pryce's petition and remand this case to the BIA.

II.

Pryce, a native and citizen of Jamaica, was admitted to the United States as a conditional resident in April 2003, which status was later adjusted to that of a lawful permanent resident. In 2008, he was arrested for dispensing or possession with intent to distribute a controlled substance within a school zone under N.J. Stat. Ann § 2C:35-7. Pryce entered a guilty plea and was convicted of the offense in 2010.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A judgment of conviction was initially entered against Pryce on March 8, 2010, but the state court corrected and re-entered the conviction on July 9, 2010 due to "wrong sentence information."

In 2017, the Department of Homeland Security (DHS) began removal proceedings against Pryce based on his controlled substance charge.[2] Pryce applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). The Immigration Judge (IJ) denied his application for failure to satisfy § 1229b(a)(2), which requires that a noncitizen accrue seven years' continued residence in the United States before he may be eligible for cancellation of removal. The IJ found that, under 8 U.S.C. § 1229b(d)(1) (the "stop-time rule"), Pryce's continued residence in the U.S. terminated on the date he committed a controlled substance offense in May 2008, less than seven years after entering the country. Alternatively, the IJ denied Pryce's application in the exercise of discretion.

Pryce filed a *pro se* notice of appeal with the Board of Immigration Appeals (BIA), challenging the IJ's continued residency and discretionary findings. Several months later, Pryce—through counsel—filed a brief before the BIA appealing the IJ's decision on the basis that his prior counsel provided ineffective assistance by applying for cancellation of removal when Pryce was statutorily ineligible for such relief. The BIA affirmed the IJ's decision, finding that Pryce "concedes that he is ineligible for cancellation of removal as he is unable to demonstrate the requisite seven-year period of continuous residence"[3] and denying Pryce's ineffective assistance claim.

---

[2] As amended, DHS' factual allegations charged Pryce with removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which makes an alien inadmissible who was "convicted of . . . or [] admits having committed acts which constitute the essential elements of a . . . violation of. . . any law relating to a controlled substance."

[3] Government Administrative Record ("A-R") 3.

Pryce then filed the instant petition, in which he presents a single question for our review: whether the IJ and BIA applied the incorrect legal standard in finding that the stop-time rule halted his continued residency in the U.S. for purposes of the cancellation of removal statute as of the date he *committed* a controlled substance offense, rather than the date of his conviction for that offense.

III.

We must first determine whether we have jurisdiction to reach the question Pryce presents. While we may not review the IJ and BIA's discretionary findings when a final order of removal is based on a controlled substance offense, we retain jurisdiction over constitutional questions and questions of law.[4] However, we may not review a claim if a non-citizen has not "raise[d] and exhaust[ed] his or her remedies as to each claim or ground for relief" before the BIA.[5] Exhaustion requires putting the BIA on notice of the issue so that it can "resolve a controversy or correct its own errors before judicial intervention."[6] Here, the government requests dismissal because Pryce has failed to exhaust his claim that he fulfills § 1229b(a)(2)'s continued residence requirement under the stop-time rule. We agree and find Pryce's claim unexhausted.[7]

---

[4] 8 U.S.C. § 1252(a)(2)(C), (D); *Borrome v. Att'y Gen.*, 687 F.3d 150, 154 (3d Cir. 2012). We review such claims de novo. *Id.*

[5] *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003) (citation omitted); *see* 8 U.S.C. § 1252(d)(1).

[6] *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005) (internal quotation omitted).

[7] After Pryce submitted his opening brief before this court, the government moved for summary disposition, denying Pryce's petition, and for dismissal of the petition for lack of jurisdiction. *See* ECF 94. We denied the motion for summary disposition and submitted the motion to dismiss to a merits panel, noting that there was a substantial question as to whether Pryce's counsel was required to address the IJ's discretionary findings in his petition for review. *See* ECF 97. We need not resolve that question now because we conclude that Pryce has not exhausted the

4

A non-citizen applying for cancellation of removal under 8 U.S.C. § 1229b(a) must (1) have been an alien lawfully admitted for permanent residence for not less than five years, (2) have resided in the United States continuously for seven years after having been admitted in any status, and (3) have not been convicted of any aggravated felony.[8] Pryce did not contest the IJ's finding that he failed to meet § 1229b(a)(2), the continued residency requirement, in his brief to the BIA. Indeed, he did more than simply neglect to argue the point: he took a position irreconcilable with his argument now before us. Pryce's chief argument to the BIA was that his prior counsel provided ineffective assistance in pursuing cancellation of removal relief when Pryce failed to meet the continued residency requirement. He stated numerous times throughout his brief, and in an accompanying affirmation, that he was statutorily ineligible for relief and that his commission of a controlled substance offense terminated his continued residence in the United States.[9] Understandably relying on these statements, the BIA found that Pryce conceded the issue of continued residence.

We are not convinced by Pryce's argument that he exhausted any administrative challenge to the IJ's continued residency finding by raising the issue in his *pro se* notice

threshold question of whether he is statutorily eligible for relief.
[8] 8 U.S.C. § 1229b(a).
[9] *See* A-R 9 ("Respondent was never statutorily eligible for Cancellation of Removal"), 13 ("Respondent was statutorily ineligible for Cancellation of Removal under the time-stop [*sic*] provision as he did not accrue seven years of lawful presence prior to his May 2008 arrest"); 19 ("The termination of seven years of continuous presence in this instant matter ended on the date of Mr. Pryce's arrest in May of 2008"), 22 ("This is not a situation in which Respondent had a small chance of success, this is a situation where Respondent was statutorily barred."). *See also* A-R. 33 (Pryce Aff.) ("Mr. Mullaly was paid $5185.00 to file an application for cancellation of removal even though I was statutorily barred . . . because I never had the required [] seven years of physical presence because the physical presence stopped after my arrest in May of 2008[.]").

of appeal.[10] Pryce cites *Hoxha v. Holder*, 559 F.3d 157 (3d Cir. 2009), in which we held that failure to address an issue in an appellant's BIA brief will not constitute failure to satisfy the exhaustion requirement if the issue was raised in the notice of appeal.[11] But his reliance on *Hoxha* is misplaced. In *Hoxha*, the applicant stated an argument in his notice of appeal but did not raise it one way or another in his appeal brief.[12] Here, Pryce's brief to the BIA both addresses *and waives* his prior position in his notice of appeal, challenging the IJ's statutory eligibility determination. Because Pryce conceded the issue on appeal, *Hoxha* does not apply, and his argument now before us is unexhausted. As a result, we lack jurisdiction over his claim.

## IV.

Because we do not have jurisdiction of this petition for review, we will dismiss it and remand this case to the BIA.[13]

---

[10] *See* A-R 80 ("The IJ erred in determining that Respondent is statutorily ineligible for cancellation of removal because he failed to establish seven years of continuous residence in the U.S.").

[11] *See* 559 F.3d at 159–61.

[12] *Id*. at 158.

[13] We note that the question of the date of triggering of the stop-time rule, raised in this petition, has been decided by the Supreme Court in *Barton v. Barr*, 140 S. Ct. 1442, 1449–50 (2020), and by us in *Khan v. Attorney General*, 979 F.3d 193, 200 (3d Cir. 2020).